UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA IRIZARRY,

v.  Case No.   8:01-cr-122-T-17EAJ
           8:04-cv-1737-T-17EAJ

UNITED STATES OF AMERICA.
_____/

## **ORDER**

This cause is before the Court on Defendant Elena Irizarry's motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1, 31; cr-216).

BACKGROUND

After Irizarry's conviction for <u>conspiring to possess</u> five kilograms or more of cocaine with the intent to distribute it and <u>possessing</u> five kilograms or more of cocaine with the intent to distribute it, (Doc. cr-158), this court entered judgment against Irizarry on February 20, 2003. (Doc. cr-198). Irizarry timely filed her notice of appeal. (Doc. cr-199). On April 29, 2003, the United States Court of Appeals for the Eleventh Circuit Court dismissed the appeal because Irizarry had failed to pay the required filing fee. (Doc. cr-201). Irizarry paid the appellate filing fee on May 5, 2004 and this Court promptly sent a facsimile transmission of the appellate fee receipt to the Eleventh Circuit. On May 12, 2004, the Eleventh Circuit denied Irizarry's motion to reinstate the appeal. (Doc. cr-206).

On July 26, 2004, Irizarry filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence. (Doc. cv-1) In the section 2255 motion, Irizarry asserted that her appellate counsel had been ineffective in failing to perfect her direct appeal.

Specifically, she maintained that she had paid Attorney Alex R. Stravrou (through family members) to prosecute her appeal and that he had falsely represented that the appeal was going forward, even after the Eleventh Circuit had dismissed it. Irizarry also asserted, "Movant has at least nine (9) more claims of ineffective assistance of counsel; however, the rest of the claims will be presented after this court's ruling on movant's claim to an out-of-time right to appeal due to ineffective assistance of counsel, or upon court order."

On July 30, 2004, the Clerk of this Court erroneously determined that the Eleventh Circuit had granted Irizarry's motion to reinstate appeal, and, therefore, this Court denied her section 2255 without prejudice, deeming it to be premature. (Doc. cv-5). Irizarry filed a notice of appeal of the order denying her section 2255 motion. (Doc. cv- 7). After correcting its error to show that the motion to reinstate appeal had been denied, this Court ordered that the section 2255 motion could proceed if Irizarry withdrew her appeal. (Doc. cv-12). On January 18, 2005, the Eleventh Circuit granted Irizarry's motion to withdraw her appeal. (Doc. cv-16, 27). On January 25, 2005, Irizarry filed a motion to reopen the section 2255 proceedings. (Doc. cv-28). This Court deferred ruling on the motion, ordering Irizarry to file an amended section 2255 motion. (Doc. cv-29).

On May 16, 2005, Irizarry filed a motion to reopen the section 2255 proceedings and an amended section 2255 motion. (Doc. cv-30, 31). This Court granted the motion to reopen the section 2255 proceedings. (Doc. cv-33).

In the amended section 2255 motion, Irizarry again raised claims that her counsel had been ineffective: that Stavrou had failed to notify this Court that he was not going to represent her on appeal because neither she nor her family could retain him as private counsel and that Stavrou had misled her to believe that the direct appeal would remain

pending until her family could retain appellate counsel. (Doc. cv-31, 32). Irizarry also raised a new claim: that this Court had violated her right to due process of law by failing to appoint appellate counsel sua sponte. (Doc cv-31, 32).

The Court directed the United States to "show cause. . . why the relief sought in the [amended section 2255 motion] should not be granted."  (Doc. cv-33).

## DISCUSSION

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final.  Citing Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), Irizarry contends that her conviction became final on July 29, 2003--ninety days after the Eleventh Circuit dismissed her appeal on April 29, 2003.  Irizarry's contention is incorrect.

"A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1088

n.1 (11th Cir. 2000). Thus, because the opportunity for Irizarry to pursue her direct appeal was exhausted upon dismissal of the appeal, (Doc. cr-206), Irizarry's conviction became final on April 29, 2003.

Therefore, Irizarry had until April 29, 2004, to file a timely section 2255 motion. Irizarry, however, signed her original section 2255 motion on July 23, 2004. (Doc. cv-1) Thus, this Court was without authority to address the section 2255 motion because the one-year period of limitations had expired before Irizarry filed the motion.

Because the original section 2255 motion was untimely, the relation back doctrine does not apply. Under Rule 12 of the Rules Governing Section 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the Rules Governing § 2255 Proceedings. Fed. R. Civ. P. 15(a) permits a party to amend a pleading once "as a matter of course at any time before a responsive pleading is served," or, otherwise, "only by leave of court or by written consent of the adverse party." See Fed. R. Civ. P. 15(a). A party may not, however, successfully amend a section 2255 motion when the original section 2255 motion was untimely. Cf. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (vacating district court's dismissal of petitioner's second section 2255 motion as time barred when it "cured the initial § 2255 motion's technical deficiency" of petitioner's failure to sign it).[1] Therefore, the Court lacks authority to entertain Irizarry's amended section 2255 motion

---

[1] Irizary's claim that the Court denied her rights to due process of law would be barred even if she had filed timely the original section 2255 because the due process claim arose from conduct or occurrences different from those related to the ineffectiveness claims. See Farris v. United States, 333 F.3d 1211, 1215-16 (11th Cir. 2003); Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001); Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000).

Equitable tolling does not apply in this case. That doctrine applies only in cases where a movant untimely files a section 2255 motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. <u>Sandvik v. United States,</u> 177 F.3d 1269, 1271 (11th Cir. 1999). It "is an extraordinary remedy which is generally applied sparingly." <u>Helton v. Sec'y for Dep't of Corrections,</u> 233 F.3d 1322, 1325 (11th Cir. 2000).

Accordingly, the Court orders:

That the Government's motion to dismiss as time-barred Irizarry's motion to vacate (Doc. cv-37) is granted. Irizarry's motion to vacate (Doc. cv-1, 31; cr-216) is denied. The Clerk is directed to enter judgment against Irizarry in the civil case and to close that case.

ORDERED in Tampa, Florida, on October 13, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Bryant R. Camereno

Pro se: Elena Irizarry